JOHN W. HUBER, United States Attorney (#7226)
VERNON STEJSKAL, Assistant United States Attorney (#8434)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: Michael.Gadd@usdoj.gov



IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. |
|---|---|
| Plaintiff, | FELONY INFORMATION |
| vs. | VIOLATIONS: |
| JONATHAN LUKE PAZ, | 21 U.S.C. §846, CONSPIRACY TO MANUFACTURE A CONTROLLED SUBSTANCE; |
| Defendant. | 21 U.S.C. §§ 331(k) & 333(b)(7), KNOWING AND INTENTIONAL ADULTERATION OF DRUGS WHILE HELD FOR SALE |
| | 18 U.S.C. § 1956(h), CONSPIRACY TO COMMIT MONEY LAUNDERING |
| | Judge Dale A. Kimball |

The United States Attorney charges:

**COUNT 1**
(21 U.S.C. §§ 846 & 841(a)(1), CONSPIRACY TO MANUFACTURE FENTANYL)

Beginning on a date unknown to the Grand Jury, but at least by February 3, 2016, and continuing to at least November 22, 2016, in the Central Division of the District of Utah and elsewhere,

Case: 2:18-cr-00231
Assigned To : Shelby, Robert J.
Assign. Date : 4/25/2018
Description: USA v. Paz

1

JONATHAN LUKE PAZ,

defendant herein, did combine, conspire, confederate and agree with AARON MICHAEL SHAMO and with other persons, both known and unknown, to knowingly and intentionally manufacture four hundred grams or more of a mixture or substance containing a detectable amount of Fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide), a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. §§ 846 and 841(a)(1) and punishable under 21 U.S.C. § 841(b)(1)(A).

## COUNT 2
(21 U.S.C. §§ 331(k) & 333(b)(7), KNOWING AND INTENTIONAL ADULTERATION OF DRUGS WHILE HELD FOR SALE

Beginning on a date unknown, but at least by February 3, 2016, and continuing to at least November 22, 2016, in the Central Division of the District of Utah,

JONATHAN LUKE PAZ,

defendant herein, knowingly and intentionally manufactured a drug and caused the manufacture of a drug—specifically, round blue tablets debossed with "A 215" on the bisected side—and offered those tablets for sale on the internet as "Oxycodone 30 mg." Despite these representations, the defendant did not use Oxycodone at all in the manufacturing process, but instead, substituted Fentanyl, a much more potent synthetic opioid. These acts caused the drug to be adulterated as defined at 21 U.S.C. §§ 351(b) and 351(d), and the adulteration had a reasonable probability of causing serious adverse health consequences or death to humans. The manufacturing of these drugs was

performed after the component ingredients of the tablets had been shipped in interstate commerce, from outside of Utah to Utah, and while the drugs were held for sale. All this was in violation of 21 U.S.C. §§ 331(k) and 333(b)(7) and is punishable pursuant to 21 U.S.C. § 333(b)(7).

## COUNT 3
(21 U.S.C. §§ 331(k) & 333(b)(7), KNOWING AND INTENTIONAL ADULTERATION OF DRUGS WHILE HELD FOR SALE)

Beginning on a date unknown, but at least by June 18, 2016, and continuing to at least November 22, 2016, in the Central Division of the District of Utah,

JONATHAN LUKE PAZ,

defendant herein, knowingly and intentionally manufactured a drug and caused the manufacture of a drug—specifically, round blue tablets with "M" on one side and a "30" above a bisect on the other—and offered those tablets for sale on the internet as "Oxycodone 30 mg." Despite these representations, the defendant did not use Oxycodone at all in the manufacturing process, but instead, substituted Fentanyl, a much more potent synthetic opioid. These acts caused the drug to be adulterated as defined at 21 U.S.C. §§ 351(b) and 351(d), and the adulteration had a reasonable probability of causing serious adverse health consequences or death to humans. The manufacturing of these drugs was performed after the component ingredients of the tablets had been shipped in interstate commerce, from outside of Utah to Utah, and while the drugs were held for sale. All this was in violation of 21 U.S.C. §§ 331(k) and 333(b)(7) and is punishable pursuant to 21 U.S.C. § 333(b)(7).

3

## COUNT 4
(18 U.S.C. § 1956(h), CONSPIRACY TO COMMIT MONEY LAUNDERING)

Beginning on a date unknown to the Grand Jury, but at least by February 10, 2015, and continuing to at least November 22, 2016, in the Central Division of the District of Utah and elsewhere,

JONATHAN LUKE PAZ,

defendant herein, did knowingly combine, conspire, confederate and agree with other persons, both known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, bank deposits, which involved the proceeds of a specified unlawful activity, that is, the manufacture and distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), with the intent to promote, conceal, and disguise the carrying on of specified unlawful activity, that is, manufacture and distribution of a controlled substance, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i); all in violation of 18 U.S.C. §1956(h).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

Pursuant to 21 U.S.C. § 853, upon conviction of any offense in violation of 21 U.S.C. §§ 841 and 846, as set forth in this Felony Information, the defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or

intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

## CURRENCY

- $1,227,773.00 in United States Currency
- $19,520.00 in United States Currency
- $429,600.00 in United States Currency
- $5,357,950.38 in United States Currency, the proceeds of the sale of 513.15 Bitcoin

## AUTOMOBILES

- A 2011 Ford F-350 pickup, VIN#1FT8W3BT7BEC88017
- A 2008 BMW 135i, VIN#WBAUC73508VF25535

## MISCELLANEOUS

- The pill press seized from the garage at Aaron SHAMO's residence on Titian Way.

  Here is a photo:



- The following dies/punches:

| Item | Punch Embossing | Comparison Tablet(s) Available | Comparison Tablet(s) Items |
|---|---|---|---|
| Item 20 A1 | G G 2 4 9   (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |
| Item 20 A2 | G G 2 4 9   (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |
| Item 20 A3 | (Slug – not a tablet punch) | NO | NOT APPLICABLE |
| Item 20 B1 | 2   (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B2 | 2   (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B3 | 2   (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B4 | 2   (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B5 | X A N A X   (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B6 | X A N A X   (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B7 | X A N A X   (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B8 | X A N A X   (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B9 | 10/325 | NO | NOT AVAILABLE |
| Item 20 B10 | X A N A X   (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B11 | 2   (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B12 | M523 | NO | NOT AVAILABLE |
| Item 20 B13 | M523 | NO | NOT AVAILABLE |
| Item 20 B14 | M523 | NO | NOT AVAILABLE |
| Item 20 B15 | M523 | NO | NOT AVAILABLE |

| | | | |
|---|---|---|---|
| Item 20 B16 | M523 | NO | NOT AVAILABLE |
| Item 20 B17 | 10/325 | NO | NOT AVAILABLE |
| Item 20 B18 | 10/325 | NO | NOT AVAILABLE |
| Item 20 B19 | 10/325 | NO | NOT AVAILABLE |
| Item 20 B20 | 10/325 | NO | NOT AVAILABLE |
| Item 20 B21 | R 0 3 9 (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 | 10 metal die with oval shaped through holes | No Analyses Performed | No Analyses Performed |
| Item 21 A1 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| Item 21 A2 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| Item 21 A3 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| Item 21 A4 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| Item 21 A5 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| Item 21 A6 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| Item 21 A7 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| Item 21 A8 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| Item 21 A9 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| Item 22 A1 | GG 2 4 9 (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |
| Item 22 A2 | GG 2 4 9 (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |
| Item 22 A3 | GG 2 4 9 (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |

| Item 22 A4 | GG 2 4 9  (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |
|---|---|---|---|
| Item 22 A5 | GG 2 4 9  (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |
| Item 22 A6 | GG 2 4 9  (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |
| Item 22 A7 | GG 2 4 9  (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |
| Item 22 A8 | GG 2 4 9  (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |

## MONEY JUDGMENT

- A MONEY JUDGMENT in the amount of $981,000 (the value of 200 Bitcoins on 9/13/2017), which sum represents the minimum value of any proceeds obtained, directly or indirectly, as the result of such offenses and the value of any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

JOHN W. HUBER
United States Attorney

_____
MICHAEL GADD
Special Assistant United States Attorney