FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

DEC 10 2018

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

JOHN W. HUBER, United States Attorney (#7226)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
VERNON G. STEJSKAL, Assistant United States Attorney (#8434)
KENT A. BURGGRAAF, Special Assistant United States Attorney (#13044)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: michael.gadd@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:18-CR-00231-DAK |
|---|---|
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT |
| vs. | |
| JONATHAN LUKE PAZ, | Judge Dale A. Kimball |
| Defendant. | |

  I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

  1. As part of this agreement with the United States, I intend to plead guilty to Counts one, two, three, and four of the Felony Information. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me. The elements of Count 1, Conspiracy to Manufacture a Controlled Substance, are:

First: two or more persons agreed to violate the federal drug laws;
Second: the defendant knew the essential objective of the conspiracy;
Third: the defendant knowingly and voluntarily involved himself in the conspiracy;
Fourth: there was interdependence among the members of the conspiracy; and
Fifth: the overall scope of the conspiracy involved at least 400 grams of Fentanyl.

The elements of Counts 2 and 3, Knowing and Intentional Adulteration of Drugs while Held for Sale, are:

First: the relevant product, Fentanyl, was a drug as defined in 21 U.S.C. 321;

Second: the defendant held the drug for sale after its shipment in interstate commerce;

Third: the defendant performed, or caused to be performed, one or more acts which resulted in the article being adulterated as defined in 21 U.S.C. 351;

Fourth: the defendant knowingly and intentionally adulterated or caused the adulteration of the drug; and

Fifth: such adulteration of the drug had a reasonable probability of causing serious adverse health consequences or death to humans.

The elements for Count 4, Conspiracy to Commit Money Laundering, are:

First: two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan to violate 18 U.S.C. 1956, which was:

a) To conduct a financial transaction involving proceeds of some form of unlawful activity;

b) With the intent to promote the carrying on of a specified unlawful activity; or,

c) Knowing that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of the specified unlawful activity; and

Second: the defendant, knowing the unlawful purpose of the plan, willfully joined in it.

2. I know that the maximum possible penalty provided by law for Count 1 of the Felony Information, a violation of 21 U.S.C. §§ 841(a)(1) and 846, is a term of imprisonment of up to life in prison, a minimum mandatory sentence of ten years, a fine of ten million dollars, a term of supervised release of at least five years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

I know that the maximum possible penalty provided by law for Counts 2 and 3 of the Felony Information, a violation of 21 U.S.C. §§ 331(k) & 333(B)(7), is a term of imprisonment of up to twenty years, a fine of one million dollars, a term of supervised release of up to three years, and any applicable forfeiture. I understand that if I violate a

term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

I know that the maximum possible penalty provided by law for Count 4 of the Felony Information, a violation of 18 U.S.C. § 1956(h), is a term of imprisonment of up to twenty years, a fine of $250,000USD, a term of supervised release of up to three years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

    a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offenses may be ordered pursuant to 18 U.S.C. § 3663.

    b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

    a. I have a right to the assistance of counsel at every stage of the proceeding.

    b. I have a right to see and observe the witnesses who testify against me.

    c. My attorney can cross-examine all witnesses who testify against me.

    d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

g. The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

h. It requires a unanimous verdict of a jury to convict me.

i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

From November 2015 to November 2016, I operated pill presses with ~~[redacted]~~, Aaron Shamo, who sold on the dark web the pills I pressed. I pressed counterfeit Xanax and fake Oxycodone pills. The counterfeit Xanax contained Alprazolam; the fake Oxycodone pills contained Fentanyl.

I helped develop the recipe and process to create fake Oxycodone pills that appeared to be legitimate oxycodone pills. Specifically, I pressed two types of fake Oxycodone pills: round blue tablets debossed with "A 215" on the bisected side and round blue tablets with "M" on one side and a "30" above a bisect on the other.

4

I pressed approximately 480,000 fake oxycodone pills, each of which weighed just over 100mg. I therefore manufactured and distributed approximately 48kg of a mixture or substance containing Fentanyl.

Shamo was paid in Bitcoin for his dark web pill sales. Shamo paid me for my efforts in bitcoin and in cash we converted from Bitcoin. I conducted transactions with some of my bitcoin to obtain US currency. I then deposited some of that US currency into my bank account, even though I knew it represented drug-distribution proceeds.

In August 2018, I voluntarily turned over to investigators the proceeds I received from my work with Aaron Shamo. I turned over $671,030 in United States Currency at my attorney's office and $134,960 in United States Currency at my residence. I also voluntarily turned over my bitcoin wallet, which contained 32.811 Bitcoin.

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

   a. **Guilty Plea.** I will plead guilty to Counts one, two, three, and four of the Felony Information.

   b. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court may take these facts into consideration in sentencing.

   c. **Acceptance of Responsibility.** The government agrees to recommend that my offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, I clearly demonstrate acceptance of responsibility for my offenses, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines. In addition, the government agrees to move for an additional one-level reduction in the offense level, in accordance with Sentencing Guideline § 3E1.1(b), if I qualify for a two-level reduction under § 3E1.1(a) and the offense level is 16 or greater prior to receiving the two-level reduction.

   d. **Other Government Concessions.** The United States agrees to not charge the defendant with death-resulting-counts under 21 U.S.C. 841(a)(1) for any deaths later discovered or charged to have been from drugs manufactured by the defendant or distributed by the defendant's co-conspirators through the Pharma-Master vendor account on AlphaBay.

5

e. **Appeal Waiver.**

(1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.

(2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

(3) I also knowingly, voluntarily, and expressly waive my right to challenge the constitutionality of the statutes to which I am pleading guilty and that my admitted conduct does not fall with the scope of those statutes, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

(4) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

(5) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

f. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

*db*

g. **Restitution.**

(1) I understand that the government will request and that the Court may order that I pay restitution. I also agree to pay restitution to victims of unpleaded or uncharged relevant conduct pursuant to 18 U.S.C. § 3663(a)(2) and (3).

I agree and I request that the proceeds I have transferred to investigators—$805,990 in United States Currency and the dollar value of the 32.811 Bitcoin, once converted to cash—should be first applied to my restitution obligations.

Under 18 U.S.C. § 3663A(c)(1)(A)(ii), I also agree to pay restitution, in the amount of $46,941.07, to J. L., landlord at the Titian Way residence, at the time sentencing. I agree to pay this specific restitution, joint and several with any codefendants, and agree that this amount should not be reduced or increased through apportionment of liability under 18 U.S.C. § 3664(h).

I agree to pay restitution to the family (or next-of-kin or estate) of every person who ordered a controlled substance from Pharma-Master on AlphaBay who is now deceased pursuant to 18 U.S.C. § 3663(a)(3) (not (a)(2)). To date, the United States has identified approximately eighty Pharma-Master customers who are now deceased. Whether it was Pharma-Master's pills that killed the decedents or Pharma-Master's pills fed the decedents' addictions until death took them, I agree that restitution should be made to their family or next-of-kin.

(2) I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664. I agree to pay all restitution as ordered by the Court. I agree that the payment and enforcement of my restitution order is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

The United States agrees to ask the Court to limit my restitution obligation to the combined value of the proceeds I have transferred to investigators—$805,990 in United States Currency and the dollar value of the 32.811 Bitcoin, once converted to cash. The United States agrees to petition the Money Laundering and Asset Recovery Section (MLARS) to apply my forfeited proceeds first to satisfy my restitution obligation.

(3) I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

h. **Forfeiture.**

(1) I agree to forfeit all property acquired from or traceable to my offenses and all property that was used to facilitate my offenses, including, but not limited to, the following specific property:

**CURRENCY**

- $1,227,773.00 in United States Currency
- $19,520.00 in United States Currency
- $429,600.00 in United States Currency
- $5,357,950.38 in United States Currency, the proceeds of the sale of 513.15 Bitcoin
- $671,030 in United States Currency
- $134,960 in United States Currency
- $10,096.20 in United States Currency
- 512.93 Bitcoin Cash (BCH)
- 513.15 Bitcoin Gold (BTG)
- 32.811 Bitcoin

**AUTOMOBILES**

- $30,250 as a substitute res for a 2011 Ford F-350 pickup (VIN#1FT8W3BT7BEC88017) sold pursuant to an interlocutory sale order
- $6,400 as a substitute res for a 2008 BMW 135i (VIN#WBAUC73508VF25535) sold pursuant to an interlocutory sale order

8

**MISCELLANEOUS**

- The pill press seized from the garage at Aaron SHAMO's residence on Titian Way.

    Here is a photo:

    

- Associated pill dyes and stamps

- Four 100-ounce silver bars

      (2)    I acknowledge that all property covered by this agreement is subject to forfeiture because it represents the proceeds of illegal conduct or helped facilitate illegal conduct.

      (3)    Per its standard practice in cases involving victims, the U.S. Attorney's Office agrees to recommend to the United States Department of Justice through the restoration process that property forfeited in this matter be applied to restitution.

      (4)    I agree that all such property may be forfeited in either an administrative, civil and/or criminal judicial proceeding. I agree that I will not make a claim to the property or otherwise oppose forfeiture in any such proceedings, and I will not help anyone else do so. If I have already made such a claim, I hereby withdraw it. I further agree that I will sign any necessary documents to ensure that clear title to the forfeited assets passes to the United States, and that I will testify truthfully in any judicial forfeiture proceeding. In addition, I agree that I will not make any claim to property forfeited by any other defendant in this case.

      (5)    I agree that as a result of my acts or omissions the proceeds I obtained from my offenses are not available for forfeiture and 1) cannot be located upon the exercise of due diligence; 2) have been transferred or sold to, or deposited with, a third party; 3) have been placed beyond the jurisdiction of the court; and/or 4) have been commingled with other property which cannot be divided without difficulty.

    (6) I hereby waive any claims I may have against the United States regarding the seizure and forfeiture of the property covered by this agreement.

    (7) I hereby waive the requirements regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

    (8) I hereby waive any constitutional or statutory challenges to the forfeiture covered by this agreement, including that the forfeiture is an excessive fine or punishment.

    (9) I hereby additionally agree to forfeit to the United States Attorney General all or any part of proceeds received or to be received by me, or a transferee of me, from a contract relating to a depiction of my offenses in a movie, book, newspaper, magazine, radio, internet or television production, or live entertainment of any kind, or an expression of my thoughts, opinions, or emotions regarding my offenses.

  13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

  14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

* * * *

I make the following representations to the Court:

  1. I am _30_ years of age. My education consists of _12th grade High School Diploma_ I _can_ [can/cannot] read and understand English.

  2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreement that are not disclosed to the Court.

  3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

  4. Neither my attorney nor the government has promised me that I would receive probation or any other form of leniency because of my plea.

10

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 10th day of December, 2018.

_____
JONATHAN LUKE PAZ
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 10th day of December, 2018

_____
RONALD YENGICH
Attorney for Defendant

//

//

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 10th day of December, 2018

JOHN W. HUBER
United States Attorney

MICHAEL GADD
Special Assistant United States Attorney